## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOSE M. PENA, III,
           Appellant,

      v.

DEPARTMENT OF THE ARMY,
           Agency.

DOCKET NUMBER
CH-0752-16-0046-C-1

DATE: April 13, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jose M. Pena, III</u>, Louisville, Kentucky, pro se.

<u>Michael A. Suire</u>, Fort Knox, Kentucky, for the agency.

## BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied his petition for enforcement of a settlement agreement resolving his removal appeal. Generally, we grant petitions such as this one only

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to correct the disposition of this appeal to find that the petition was denied and not dismissed, and address the appellant's new allegation raised on review, we AFFIRM the compliance initial decision.

## BACKGROUND

¶2      The appellant filed an appeal challenging the agency's removal action. *Pena v. Department of the Army*, MSPB Docket No. CH-0752-16-0046-I-1, Initial Appeal File (IAF), Tab 1. While the appeal was pending, the parties entered into a settlement agreement that resolved the appellant's Board appeal and all claims against the agency related to his removal. IAF, Tab 12 at 5. Under the terms of the settlement agreement, the agency agreed to amend the appellant's Standard Form 50 (SF-50) to state that he was removed for medical inability to perform the essential functions of his position. *Id.* The appellant agreed to "accept [this] remedy" and to "the dismissal of the [appeal] with prejudice." *Id.* The appellant also acknowledged that he carefully read and understood the terms of the agreement, he had an opportunity to consult with a representative, and he voluntarily signed the agreement. *Id.* at 6.

¶3　　In an initial decision, the administrative judge found that the appeal was within the Board's jurisdiction and the settlement agreement was lawful on its face, freely entered into by the parties and they understood its terms. IAF, Tab 13, Initial Decision at 1-2. Accordingly, the administrative judge entered the agreement into the record for the purposes of enforcement by the Board and dismissed the appeal as settled. *Id.*

¶4　　The appellant filed a petition for enforcement arguing that he is entitled to severance pay according "to OPM, MSPB, and Union guidelines," and that the agency erroneously noted on his amended SF-50 that he is not entitled to severance pay. *Pena v. Department of the Army*, MSPB Docket No. CH-0752-16-0046-C-1, Compliance File (CF), Tab 1 at 5. The agency responded by asserting that it had fully complied with the terms of the settlement agreement by amending the appellant's SF-50 to state that the basis for his removal was medical inability to perform the essential functions of his position. CF, Tab 4 at 5. The agency submitted a copy of the amended SF-50 as proof of compliance. *Id.* at 10. The agency argued that the settlement agreement did not include severance pay and the parties never discussed severance pay during the settlement negotiations. *Id.* at 5.

¶5　　Without holding the hearing that the appellant requested, the administrative judge issued a compliance initial decision finding the agency in compliance with the settlement agreement. CF, Tab 1 at 2, Tab 8, Compliance Initial Decision (CID) at 4. She found that the appellant did not dispute that the agency had complied with the agreement by amending his SF-50 to state that his removal was based on a medical inability to perform. CID at 4. The administrative judge also found that the appellant agreed to waive all claims against the employing agency relating to his removal, including any right to back pay or a severance package, and that he provided no authority to support his claim that he was entitled to severance pay under "OPM, MSPB, and Union guidelines." *Id.* The

administrative judge further found that the appellant did not allege fraud or misrepresentation by the agency. *Id.*

¶6     The appellant has filed a petition for review of the compliance initial decision. Compliance Petition for Review (CPFR) File, Tab 1. The agency has not responded to his petition for review.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7     The Board has the authority to enforce a settlement agreement that has been entered into the record in the same manner as any final Board decision or order. *Stasiuk v. Department of the Army*, 118 M.S.P.R. 1, ¶ 5 (2012). A settlement agreement is a contract, and the Board will therefore adjudicate a petition to enforce a settlement agreement in accordance with contract law. *Id.* When, as here, the appellant files a petition for enforcement of a settlement agreement over which the Board has enforcement authority, the agency must produce relevant, material, and credible evidence of its compliance with the agreement. *Id.* Still, the ultimate burden of proof is on the appellant, as the party seeking enforcement, to show that an agency failed to fulfill the terms of an agreement. *Id.*

¶8     The administrative judge found that the agency proved that it complied with the settlement by amending the appellant's SF-50 in accord with the terms of the parties' agreement, which did not require the agency to provide the appellant with back pay or severance pay. CID at 4. The appellant does not dispute these findings on review, and we affirm them. Moreover, the appellant does not allege a new breach by the agency or identify any error in the administrative judge's determination that the agency is in compliance with the parties' settlement agreement. Having carefully reviewed the parties' settlement agreement, the appellant's petition for enforcement, the agency's evidence of compliance, and the compliance initial decision, we affirm the compliance initial decision as

modified to deny the petition for enforcement.[3]  IAF, Tab 12; CF, Tab 1, Tab 4 at 8-10; CID.

¶9        For the first time on review, the appellant argues that the agency misled him by failing to inform him that he would not receive severance pay if the agency amended his SF-50 to reflect that he was removed based on a medical inability to perform.  CPFR File, Tab 1 at 4.  He states that the administrative judge suggested amending the appellant's SF-50 to state that his removal was based on a medical inability to perform so that he could apply for "medical disability, both sides agreed and that was the end of it."  *Id.*  He also indicates that he would have objected to the amendment if he had known that it would negate his eligibility for severance pay, and that the agency withheld this information from him.  *Id.*

¶10       When an appellant's petition for enforcement "unmistakably" challenges the validity of the agreement, the Board will treat it as a petition for review.  *Miller v. Department of the Army*, 112 M.S.P.R. 689, ¶ 12 (2009).  A party may challenge the validity of a settlement agreement if he believes that the agreement is unlawful, involuntary, or the result of fraud or mutual mistake.  *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶ 4 (2013).  Here, the appellant's allegations on review are not sufficient for us to find that he is "unmistakably" challenging the validity of the agreement in his petition for enforcement.  *See Miller*, 112 M.S.P.R. 689, ¶ 12 (finding that an appellant's allegations that she and her attorney had overlooked the agency's revisions to a settlement agreement was at most an allegation of unilateral mistake by her and her attorney in accepting the agency's revisions to the draft agreement); *Hazelton v. Department of Veterans Affairs*, 112 M.S.P.R. 357, ¶¶ 5, 9, 11 (2009)

---

[3] Although the administrative judge stated that she dismissed the petition for enforcement, her analysis reflects that she denied the petition on the merits.  CID at 5. We therefore modify the initial decision to find that she denied the petition for enforcement.  *See Wofford v. Department of Justice*, 115 M.S.P.R. 367, ¶¶ 16-17 (2010) (correcting the disposition of a petition for enforcement from "dismissed" to "den[ied]" when the administrative judge made a decision on the merits of the petition).

(finding an appellant's claim that the agency induced him into agreeing to resign with incorrect assurances during settlement negotiations that he would be able to retire was an unmistakable challenge to the validity of the settlement agreement). The appellant does not seek to invalidate the settlement agreement, allege the agency made any assurance that he would receive severance pay that induced him to settle, or suggest that he made inquiries regarding severance pay before signing the agreement. *See Schwartz v. Department of Education*, 113 M.S.P.R. 601, ¶ 10 (2010) (finding an appellant's statement that accurate retirement information would have "affected [his] thinking about settlement" did not constitute an allegation that accurate retirement information would have caused him not to settle). Thus, we do not interpret the appellant's new allegations on review as a challenge to the validity of the settlement agreement.[4]

¶11     Accordingly, we find that the administrative judge properly denied the appellant's petition for enforcement.

## NOTICE OF APPEAL RIGHTS[5]

The compliance initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection

---

[4] If the appellant intends to challenge the validity of the settlement agreement, he may do so by filing a petition for review in *Pena v. Department of the Army*, MSPB Docket No. CH-0752-16-0046-I-1. However, we do not address the timeliness of any petition for review that may be filed in that matter. *See Hazelton*, 112 M.S.P.R. 357, ¶¶ 9-10 (2009) (discussing the requirement to file a timely petition for review or show good cause for the delay).

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at

http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case,

and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**. This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under <u>5 U.S.C. § 2302</u>(b)(8) or other protected activities listed in <u>5 U.S.C. § 2302</u>(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6] The court of appeals must <u>receive</u> your

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

/s/ for

Jennifer Everling
Acting Clerk of the Board

Washington, D.C.